THE CITY OF ROME.

CARMODY *v.* THE CITY OF ROME.

(*District Court, S. D. New York.* November 21, 1891.)

ACTIONS FOR NEGLIGENCE—FORMER TRIAL AT COMMON LAW—WHEN A BAR IN ADMIRALTY.

Concurrent negligence of the plaintiff being a ground for dismissal of an action for negligence in a common-law court, but not in admiralty, a plea of a former common-law adjudication for the defendant is not sufficient unless it appear that the ground of the adjudication was absence of fault in the defendant, and not proof of fault in the plaintiff. It appearing in this case upon submission of the stenographer's notes of the former trial that a verdict for the defendant was directed by the judge, because the facts proved did not constitute negligence in the defendant, *held,* on exceptions to the answer, that this would constitute a bar to the present action.

In Admiralty. Libel by James Carmody against the City of Rome for personal injuries. Hearing of exceptions.

*A. G. Vanderpoel,* for libelant.

*Frederick G. Gedney,* for claimant.

BROWN, District Judge. Exceptions to the libel have been filed by the defendant setting up *res adjudicata* upon a trial of the same matter in a common-law action brought by the libelant against the owner of the

City of Rome, in the court of common pleas of this city. In that action concurrent negligence of the plaintiff would be a sufficient ground of dismissal; in admiralty, it is not. *The Max Morris*, 137 U. S. 1, 11 Sup. Ct. Rep. 29. To determine the sufficiency of the plea it is, therefore, necessary to know whether the former judgment of dismissal proceeded on the ground of the plaintiff's concurrent negligence, or solely upon the ground of failure of proof that the defendant was negligent. In the latter case, the former judgment, though in a common-law court, becomes a bar and estoppel here. Upon these exceptions no judgment can be rendered now, inasmuch as the facts stated in the exceptions must be sustained by proof at the hearing. I have, nevertheless, examined the matter upon the request of the parties and for their convenience in reference to any future trial. Upon the evidence as to the grounds on which the dismissal was ordered by the presiding judge on the former trial, as shown by the stenographer's notes of that trial submitted to me, and upon the admitted facts as stated in the affidavit of counsel, and assuming also on behalf of the libelant that the evidence offered by him was ruled out, as he states it was, I am satisfied that upon the hearing of this cause I should be obliged to hold that the former trial and judgment are a bar to the present action, inasmuch as the proofs submitted would be sufficient to show that the direction of a verdict by the judge was not based upon negligence of the plaintiff, but because the proofs before him did not amount to any negligence on the part of the defendant.