### THE CYPRUS.

### KEILEY v. THE CYPRUS.

#### (District Court, S. D. New York. March 29, 1893.)

SHIPPING—PERSONAL INJURIES—DEFECTIVE APPLIANCES—CONTRIBUTORY NEGLIGENCE.

A vessel is liable for maintaining defective and unsafe appliances, but an employe who knew of such defect, but failed to use additional care, is not entitled to full damages in case of injury.

In Admiralty. Libel by William S. Keiley, as guardian, etc., against the steamship Cyprus, for personal injuries. Decree for libelant.

Libelant, a boy of 16, was employed on board the steamship Cyprus by a boiler cleaner who was cleaning the steamer's engines under contract. The entrance to the boiler room was by means of an iron ladder, leading into the stoke hole. The ladder was bolted fast at the bottom on each side, and was designed to be fastened at the top to the deck on each side, but the evidence tended to show that the fastenings at the top on one side were not in place. The sides of the ladder were flat, iron plates, and, instead of single large rungs for steps, two iron rods, about an inch apart, were riveted in for each step. Libelant testified that the want of a fastening on one side of the ladder, at the top, caused it to sway under his weight as he was ascending it, in consequence of which he lost his foothold, and fell into the stoke hole. Libelant had been up and down the ladder several times previously on that day, and was aware that it was shaky, and insecurely fastened on one side, at the top.

William B. Tullis, for libelant.
Convers & Kirlin, for claimants.

BROWN, District Judge. The evidence leaves no doubt that the ladder in the present case was in a defective and unsafe condition through the absence of the usual fastening at the top on the right-hand side. The ship is responsible for this defect. The A. Heaton, 43 Fed. Rep. 592; The France, 53 Fed. Rep. 843. The libelant must, however, have had previous knowledge of the unsteadiness of the ladder from his previous use of it. He must have gone up and down the same ladder that day at least three times before. The witnesses show that its condition in the morning was the same. Notwithstanding the defect, I have no doubt that he could have gone up without falling, as he and others had already done, had he used the additional care which proper caution would show to be necessary. Both are, therefore, chargeable with fault. As the libelant has practically fully recovered, and is not entitled to his full damages by reason of his own contributory negligence. (The Max Morris, 137 U. S. 1, 11 Sup. Ct. Rep. 29.) I award him $300, with costs. A decree may be entered accordingly.