## THE GRANVILLE R. BACON.

(Circuit Court of Appeals, Fifth Circuit. January 31, 1916.)

### No. 2793.

SHIPPING &wave;84(5)—PERSONAL INJURIES—COMPARATIVE NEGLIGENCE—AMOUNT OF RECOVERY.

 The libelant, a young man 21 years old, was injured in unloading a cargo from a schooner, and was in bed 50 days, suffered pain, and was still suffering pain at the time of the trial. His physician's minimum fee was $350. His leg was fractured at the hip, and had been so shortened that

he would be a cripple for life, and unable to do the work to which he was accustomed, though able to do light work. He had been a steady working man, hardly ever unemployed, and generally earning $1.75 a day. *Held*, that the facts showed that the District Court's allowance of $1,500 as damages was based on a finding that the libelant was guilty of contributory negligence, and that he followed the admiralty rule to divide the damages.

[Ed. Note.—For other cases, see Shipping, Cent. Dig. § 342; Dec. Dig. ☞84(5).]

Appeal from the District Court of the United States for the Southern District of Florida; Wm. B. Sheppard, Judge.

Libel in admiralty by Ronald Forsyth against George Bennett, master of the schooner Granville R. Bacon. Decree for libelant, and defendant appeals. Affirmed.

Frank B. Shutts, Wm. P. Smith, and Crate D. Bowen, all of Miami, Fla., for appellant.

Eugene O. Locke, of Jacksonville, Fla., for appellee.

Before PARDEE and WALKER, Circuit Judges, and NEWMAN, District Judge.

PER CURIAM. This is a libel in admiralty to recover damages from the schooner Granville R. Bacon for injuries in unloading cargo. The decree of the District Court, without assigning specific reasons therefor, awarded $1,500 for damages.

On the evidence in the transcript, we conclude that the schooner was guilty of negligence as charged, and that the libelant was guilty of contributory negligence. The evidence shows without dispute that the libelant was a young man 21 years of age at the time of his injury; that he was 50 days in bed and suffered pain, and was still suffering pain at the time of testifying; that the minimum fee of the attending physician was $350; that his leg was fractured at the hip, and has been shortened, so that he will be a cripple for life, and that, while he may be able to do light work, he can never do the work to which he was accustomed; and that he had been a steady working man, hardly ever unemployed, generally earning $1.75 per day.

From this we infer that the sum of $1,500, allowed by the District Judge, was based on the finding that, while the schooner was guilty of negligence, the libelant was guilty of contributory negligence, and that he followed the admiralty rule in such cases, dividing the damages. See The Max Morris, 137 U. S. 1, 11 Sup. Ct. 29, 34 L. Ed. 586.

The decree appealed from is affirmed.