### McLEOD v. UNION BARGE LINE CO.
### Civ. A. No. 7638.

United States District Court
W. D. Pennsylvania.
Jan. 22, 1951.

**2.** See U. S. v. Grubl, 9 Cir., 186 F.2d 470.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin (of Dalzell, McFall, Pringle & Bredin), Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This proceeding relates to a claim for damages under the Jones Act based on negligence and the maritime and admiralty laws based on the doctrine of unseaworthiness. 46 U.S.C.A. § 688.

The right to recover could be based on either the doctrine of negligence or unseaworthiness. The plaintiff was not required to elect and it was proper to submit both issues to the jury. McCarthy v. American Eastern Corp., 3 Cir. 175 F.2d 724; German v. Carnegie-Illinois Steel Corp., 3 Cir., 156 F.2d 977.

The case was administered by jury trial. The verdict being: "The Jury after due consideration find the accident of Mrs. Lavinda McLeod was caused by her own negligence and that the Union Barge Line Corp. are in no way responsible of negligence or unseaworthiness of boat 'Neville'."

After the jury was polled at the request of the plaintiff's counsel, the Court directed that judgment be entered on the verdict in favor of the defendant, Union Barge Line Company, and against the plaintiff, Mrs. Lavinda McLeod.

Motion for a new trial has been filed by the plaintiff. It is contended:

(a) The verdict is against the evidence and the weight of the evidence.

(b) The Court erred in its charge on "unseaworthiness."

(c) The Court erred in its charge on proximate cause and contributory negligence.

(d) The Court erred in failing to instruct the jury that the Captain's report was an admission binding upon the defendant wherein it was stated that the plaintiff stooped over to put a piece of cardboard under the leg of a dresser and when the plaintiff raised back up strained her back.

The plaintiff was employed as a seaman in the capacity of chambermaid aboard defendant's motor vessel "Neville." At the time of plaintiff's injury, the vessel was in navigation on the Ohio River, and plaintiff was engaged in the performance of her duties aboard the vessel in cleaning up the maids' room. Plaintiff was required to move the dresser in order to remove the accumulated dust and dirt under and behind the dresser. After having done the necessary cleaning, the plaintiff had to move the dresser back into its position. She injured her back when she stooped over to put a piece of cardboard under the leg of the dresser and when she raised back up, strained her back. Her disability consisted not only of a continuing back injury, but also of a psychotic or mental illness which was precipitated after her back injury, and medical proof was offered by the plaintiff to show a causal relation with the accident.

(a) The Verdict is Against the
Evidence and the Weight
of the Evidence.

The jury in reality made specific findings of fact in that is was certified in the ver-

dict slip that the accident was caused by the negligence of the plaintiff In addition, it was found the defendant was in no way responsible for negligence or unseaworthiness of the boat.

■ I do not believe that the verdict rendered was against the weight of the evidence. It is my duty to recognize that a Court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant, Administratrix, v. Peoria & Pekin Union Ry. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. R. Co., 3 Cir., 182 F.2d 793. Furthermore, in a motion for a new trial I must assume that the jury has followed the instructions of the Court. Boice v. Bradley, D.C., 92 F.Supp. 750, 751.

(b) The Court Erred in Its Charge as to "Unseaworthiness."

■ Plaintiff in asserting that the charge on "unseaworthiness" brought the subject into the limited sphere of forseeability, commits the frequent fallacy of quoting out of context. The charge must be considered as a whole with a view of determining the impression conveyed thereby to the jury, and determining whether the charge was misleading. New York, C. & St. L. R. Co. v. Affolder 8 Cir., 174 F.2d 486. I quote from the charge:

" 'Seaworthiness' means reasonable fitness for the voyage or the work to which the vessel is to be applied. It is a vessel in a fit state as to repairs, equipment and crew, and in all other respects to encounter and meet the ordinary perils of the voyage. The test of seaworthiness is whether the vessel is reasonably fit to carry a cargo and crew which she has undertaken to transport.

"To review, seaworthiness means reasonable fitness to meet the circumstances and the use to which the boat is to be applied on the waters where it is sailing. It means that ordinary and usual circumstances must be anticipated by the owner or the master of the ship to provide the seaman or the employees with a vessel that is sufficient and fit to encounter the ordinary perils of the contemplated voyage. In short, it is the sufficiency of the boat or the vessel in materials, construct, function, equipment, officers, crew and outfit for the trade or service in which it is being employed."

■ Said definition was proper. The Doyle, 3 Cir., 105 F.2d 113; Spellman v. American Barge Line Co., 3 Cir., 176 F.2d 716.

Even assuming that this definition conceivably allows for the prerequisite of forseeability, the Third Circuit has gone much further in this direction wherein it has ruled that the unusual and the exceptional need not be foreseen or guarded against. The Doyle, supra.

(c) The Court Erred in Its Charge on Proximate Cause and Contributory Negligence.

The plaintiff contends that the rule as to proximate cause was erroneous as to:

(1) Negligence,

(2) Unseaworthiness, and

(3) Damages and resulting injuries.

The definition as to proximate cause was given in general terms as it applied to the burden of proof which rested on the plaintiff to establish negligence, unseaworthiness and that the damages and injuries complained of were the proximate result of the accident.

"Proximate cause" was defined:

" 'Proximate cause' means that which is a natural and continuous sequence unbroken by any new cause which produces an event and without which the event would not have occurred. It has sometimes been defined in this manner: 'Proximate cause' means that the accident or the injuries would not have happened but for the events which took place."

■ This definition seems to be in accordance with sound authority. Howard v. Swagart, 82 U.S.App.D.C. 147, 161 F.2d 651; Milwaukee & St. Paul Ry. Co. v. Kellogg, 94 U.S. 469, 475, 24 L.Ed. 256;

370

Crist v. U. S. War Shipping Administration, D.C., 64 F.Supp. 934; Jackson County, S. D., v. Duffy, 8 Cir., 147 F.2d 227; Brady v. Southern Ry. Co., 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239; Worcester v. Pure Torpedo Co., 7 Cir., 140 F.2d 358.

Plaintiff contends that the definition of "proximate cause" rendered in the charge exculpates the defendant if there is any intervening or concurrent or contributory cause such as the contributory negligence of the plaintiff, and such is not the rule under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., where the doctrine of comparative negligence applies. But again, a review of the entire context of the charge unequivocally establishes that I charged contributory or concurrent negligence is in no way a bar to recovery. I quote from the charge:

"In either of the actions under the Jones Act which requires a showing of negligence or on the doctrine of unseaworthiness, Congress has provided that the fact that the employee or seaman may have been guilty of contributory negligence shall not bar a right to recovery, but the damages shall be diminished by the injury in proportion to the amount of negligence attributable to such employee."

■ Even if the charge as to proximate cause between the accident and resulting injuries was improper, the prejudice, if any, was inconsequential. It would relate solely to damages, and since the issue of negligence and unseaworthiness was considered by the jury and resolved in defendant's favor, it would be harmless error. Carter v. Atlanta & St. A. B. Ry. Co., 5 Cir., 170 F.2d 719.

The charge with respect to contributory negligence is objected to on the ground that no such issue was involved in the case.

■ Under the general maritime law and the Jones Act, the doctrine of comparative negligence obtains. Contributory negligence is not a bar to recovery but it can be invoked for the purpose of mitigating damages. Stark v. American Dredging Co., D.C., 66 F.Supp. 296; The Max Morris (Morris, Claimant) 137 U.S. 1, 11 S.Ct. 29,

34 L.Ed. 586; American Stevedores, Inc., v. Porello, 330 U.S. 446, 458, 67 S.Ct. 847, 91 L.Ed. 1011; McGhee v. United States, 2 Cir., 165 F.2d 287.

The Court placed special emphasis upon the fact that the applicability of the rule relating to contributory negligence was solely for the determination of the jury, and that contributory negligence, if it existed, did not bar the right of the plaintiff to recover either under the Jones Act, based on negligence, or under the admiralty law based on the doctrine of unseaworthiness. That it should be considered, if at all, only by way of diminishing damages in proportion to the amount of negligence which would be found attributable to the employee.

■ I believe that the contributory negligence of the plaintiff was a matter which was proper for the consideration of the jury and it was, therefore, obligatory for the Court to charge.

■ The complaint of the plaintiff as to the charge of the Court on contributory negligence is without merit. Pierro v. Carnegie-Illinois Steel Corp., 3 Cir., 186 F.2d 75.

(d) The Court Erred in Failing to Instruct the Jury That the Captain's Report Was An Admission Binding Upon the Defendant Wherein it Was Stated That the Plaintiff Stooped Over to Put a Piece of Cardboard Under the Leg of a Dresser and When the Plaintiff Raised Back Up Strained Her Back.

Plaintiff claims error in the refusal to instruct the jury that the master's report is binding upon the defendant and therefore establishes negligence as a matter of law. I do not question the validity of the rule of law that the admission of the ship master binds the ship owner. The Abangarez, D.C. of La., 60 F.2d 543. But, in view of the captain's report, plaintiff's reasoning is fallacious. The Captain's report: "She stooped over to put a piece of cardboard under the leg of a dresser and when she raised back up strained her back."

This matter-of-fact statement of the mere happening of an accident in no way creates the inference of negligence or unseaworthiness. It was the plaintiff's burden to establish negligence or unseaworthiness by the fair preponderance or weight of the evidence. I cannot agree that the act of stooping over to lift a dresser and suffering a back injury thereby meets this burden as a matter of law. It was for the jury to weigh all the facts and surrounding circumstances, as to the condition of the dresser, the condition of the floor, the element of notice to the employer, the reasonableness of lifting such a dresser without aid, and whether the lifting of said dresser should have been attempted by the plaintiff without request having been made for help or assistance from other employees. It would have been gross error for this Court to assume the determination of these facts over which considerable conflict existed at the trial.

Considered as a whole, without isolating or separating portions of the charge, I think that the instructions to the jury fairly and adequately presented the issues to the jury for its determination. That is all that the law requires. Van Camp Sea Food Co. v. Nordyke, 9 Cir., 140 F.2d 902, certiorari denied 322 U.S. 760, 64 S.Ct. 1278, 88 L.Ed. 1587.

Motion for new trial is denied.