## McLEOD v. UNION BARGE LINE CO.
### Civ. No. 7638.

United States District Court
W. D. Pennsylvania.
March 16, 1951.

Hymen Schlesinger (of Schlesinger & Schlesinger), Pittsburgh, Pa., for plaintiff.

Bruce R. Martin (of Dalzell, McFall, Pringle & Bredin), Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This matter arises out of an action for money damages based on negligence and the doctrine of unseaworthiness. Trial by jury resulted in a verdict for the defendant. Motion for new trial has been refused, D.C., 95 F.Supp. 366. An appeal has been taken by the plaintiff to the United States Circuit Court of Appeals for the Third Circuit.

The immediate question relates to a motion of the plaintiff to the District Court for an order directing that a transcript of the trial proceedings and evidence be transcribed at the expense of the United States of America for the purpose of review of the proceedings in the District Court by the United States Court of Appeals for the Third Circuit.

The motion was not presented in open court, but was brought by plaintiff's counsel to chambers and called to my attention by my law associate.

This practice is improper and must be discouraged. In addition, compliance was not made with Rule 6(d) of the Federal Rules of Civil Procedure, 28 U.S. C.A., which provides, inter alia: "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court. Such an order may for cause shown be made on ex parte application."

In view of the disposition which must be made of the motion, strict compliance with said rule will not be required in this instance.

Under the provisions of the Judicial Code, it is provided that the Court may, upon the filing of a forma pauperis affidavit, direct that the expense of furnishing a stenographic transcript and printing the record on appeal, if such printing is required by the appellate court, be paid by the United States, and the same shall be paid when authorized by the Director of the Administrative Office of the United States Courts. 28 U.S.C.A. § 1915.

The district court, therefore, has no jurisdiction to consider the motion. It is necessary that the Circuit Court of Appeals for the Third Circuit certify the need of the stenographic transcript and that authorization and approval be given by the Director of the Administrative Office of the United States Courts that the transcript be furnished at the expense of the United States.

In the motion filed, the plaintiff contends that the Court erred in its charge as to:

(a) Unseaworthiness.

(b) Contributory negligence.

(c) Proximate cause.

In disposing of the motion for new trial, the Court had the charge transcribed for its use as provided by the Judicial Code. 28 U.S.C.A. § 753.

The transcript of said charge has been filed with the Clerk of Courts and has been made available for the use and reference of plaintiff's counsel.

It would be a useless expenditure of government funds to transcribe the complete record when the basis for the plaintiff's appeal is confined to the charge of the Court.

An appropriate Order is entered.