Betty E. DOTY, etc. et al., Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Melba J. KOHL, etc., Plaintiff,

v.

UNITED STATES of America,
Defendant.

Nos. 79 C 2581, 79 C 2589.

United States District Court,
N. D. Illinois, E. D.

Feb. 13, 1981.

Louis G. Davidson & Associates, Ltd., Robert B. Patterson, Chicago, Ill. and Pignatelli, Pignatelli & Ripley, Rock Falls, Ill., Nevoarl & Corrigan, Chicago, Ill., for plaintiffs.

Daniel C. Murray, Asst. U. S. Atty., Chicago, Ill., Esther G. Boynton, Torts Branch, Civil Div., U. S. Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

In these consolidated admiralty actions plaintiffs Betty Doty, Linda Winters and

Melba Kohl ("plaintiffs") seek damages from the United States ("government") for the death of the husband of each plaintiff in a boating accident, allegedly caused by the government's negligent maintenance and operation of Lock and Dam No. 13 (the "dam") on the Mississippi River near Fulton, Illinois. Plaintiffs now seek to add a new Count III to their respective complaints, alleging that the government engaged in wilful and wanton misconduct in its operation of the dam. For the reasons stated in this memorandum opinion and order, plaintiffs' motion is denied.

Neither any untimeliness of the proposed amendments nor any claim of prejudice is argued by the government. It contends simply that under controlling admiralty law, whether or not the government's conduct was wilful or wanton is legally irrelevant, so that the proposed amendment would have no effect and is unnecessary.

 Principles of comparative negligence apply in death actions brought under general maritime law. 2 *Benedict on Admiralty* § 88 (7th ed. 1975). Moreover, the government has no liability for punitive damages. *Painter v. Tennessee Valley Authority*, 476 F.2d 943, 944 (5th Cir. 1973). Thus the usual two-fold advantages of pleading and proving wilful and wanton misconduct in contributory negligence jurisdictions (overcoming the bar to *any* recovery if plaintiff is proved to have been contributorily negligent, and establishing a basis for punitive damages) are both absent.

 Plaintiffs, however, assert a proposition that draws on the same approach as the doctrine of contributory negligence:

1. Comparative negligence only sets off one party's *negligence* against the other's *negligence* on a proportionate basis.

2. If plaintiff has been negligent but defendant's misconduct was wilful and wanton, the proportionate reduction principle does not apply and plaintiff's recovery should be undiminished.

In support of that argument plaintiffs really cite only one case, *Davies v. Butler*, 602 P.2d 605 (Nev.1979),[1] in which the Nevada Supreme Court approved a jury instruction that read:

contributory negligence if any, on the part of the decedent does not reduce any recovery by the plaintiffs ... against a defendant for an injury caused by misconduct of a defendant if you find that defendant intended to inflict harm upon the decedent.

Wholly apart from the obvious fact that a Nevada decision applying state law is without force in a United States District Court sitting in admiralty, *Davies* is entirely unpersuasive. In *Davies* the court was applying the specific language of the newly enacted Nevada comparative negligence statute, Nev.Rev.Stat. 41.141. Here the Court is not bound or even guided by an analogous provision.[2]

With plaintiffs having adduced no relevant legal authority, this Court will not attempt to write new admiralty law. Because plaintiffs' proposed amendment is submitted only in support of a theory that this Court finds to have no basis in the law, plaintiffs' motion to amend their complaints is denied.[3]

---

1. Plaintiffs' assertion that language in *The Max Morris*, 137 U.S. 1, 14–15, 11 S.Ct. 29, 32, 34 L.Ed. 586 (1890), supports their theory is plainly untenable. There the Supreme Court adopted a comparative negligence standard and concluded that contributory negligence should not bar plaintiff's partial recovery thereunder unless *plaintiff's* negligence was wilful. That holding scarcely proves the converse proposition.

2. Indeed, the *Davies* court itself recognized that California had reached a contrary result where comparative negligence had been adopted judicially and not by legislation.

3. Of course the *extent* if any to which the government's alleged negligence contributed to the accident remains an important factor in calculating any recovery that might be due plaintiffs under the comparative negligence theory. Denial of plaintiffs' motion in no way affects their rights on that score.