DEXTER (HODGSON v.). See Case No. 6,-565.

DEXTER (MALLETT v.). See Case No. 8,-988.

---

## Case No. 3,863.

### DEXTER v. MUNROE et al.

[2 Spr. 39.] [1]

District Court, D. Massachusetts. Nov., 1861.

ADMIRALTY JURISDICTION — WHALING VOYAGES— RIGHTS OF MASTER AND CO-OWNER—SET-OFF.

1. The libellant was master and a co-owner of a whaling-vessel. After the voyage had been made up and the amount due for his lay ascertained, and the proceeds of the voyage were in the hands of the other owners, *held*, that the libellant was entitled to recover, in admiralty, the amount due him as a master, notwithstanding his co-ownership.

2. A court of admiralty is not restrained from doing substantial justice by mere forms or technicalities.

[Cited in Todd v. The Tulchen, 2 Fed. 603; The Gazelle, 128 U. S. 487, 9 Sup. Ct. 143; The Journeyman, 60 Fed. 296.]

3. Where it was agreed that the libellant, in his capacity as owner, was indebted to the other owners in some amount not then ascertainable, but it was not shown that this indebtedness was, either by agreement or usage, connected with the contract of hiring; *held*, that the libellant was not precluded from recovering the whole amount due him as master.

4. The claim of the owners in such case is a matter of set-off, of which admiralty has no jurisdiction.

[Cited in The Two Brothers, 4 Fed. 159.]

5. The power which a court of admiralty possesses over its own process will enable it to do complete justice to all parties.

R. C. Pitman & C. T. Bonney, for libellant. Eliot & Stetson, for respondents.

SPRAGUE, District Judge. The libellant was master of the ship Union, and brings this suit to recover his share, one-twelfth, of the

---

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]

proceeds of a whaling voyage, which began in May, 1860, and ended in September, 1861. Prior to and during the voyage, the libellant was the owner of one-sixteenth of that vessel, and the respondents own, or by agreement are to be deemed, for the purpose of this suit, the owners of fifteen-sixteenths. At the termination of the voyage, all the catchings— that is, the oil and bone—were delivered to the respondents, who by their agent have disposed of the same, and the voyage has been made up, and the amount of the master's one-twelfth ascertained, and it is now held by the respondents in the hand of their agent. This statement is derived from the facts admitted by the parties.

It is objected that the libellant cannot sue his co-owners, because the contract to serve as master was made with all the owners, of which he was one, and he cannot sue himself. But the first proposition in this objection is not true. The master did not and could not make a contract with himself; he made a contract with the respondents, who owned fifteen-sixteenths of the vessel, and had the control of her. By this contract he agreed, that he would proceed on the voyage as master, and upon his return would deliver the catchings to the owners who controlled the vessel, that is, to the respondents; and they promised to make sale of the catchings, and pay over to him one-twelfth part of the net proceeds, such payment to be made as soon after the sale as the voyage could be made up. The libellant has performed his part of this contract; the catchings have come to the hands of the respondents, and have been sold by them; the voyage has been made up, the net proceeds are in their hands, and it only remains for them to pay over one-twelfth part to the libellant, according to the terms of their contract. Justice requires this to be done; and the artificial or technical objection which has been raised is not sufficient to preclude the court from enforcing the clear obligations of the respondents. Courts of admiralty are not restrained from doing substantial justice by mere forms or technicalities. Dupont de Nemours v. Vance, 19 How. [60 U. S.] 172.

Another objection goes to the jurisdiction of the court. It is agreed that the libellant, "in his capacity as owner," is indebted to the other owners, and that this will appear "upon a due and proper adjustment of the affairs of the enterprise." But the amount in which the libellant is so indebted as owner is very much less than his one-twelfth of the proceeds of the voyage. It is contended in behalf of the respondents, that the libellant can recover only the balance which shall be due to him after deducting from his share as master the amount of his indebtment as owner, and that this amount cannot be ascertained without a complete adjustment of all the accounts between the owners, and that such adjustment cannot be made by a court of admiralty. This objection deserves consideration.

In what manner the libellant became indebted as owner is not specified. It appears that the business of this vessel was conducted by an agent of the owners; and I suppose that it is to be inferred, that the cost of outfits for the enterprise was to be borne by the several owners in proportion to their respective interests, and that the libellant, not having paid his share of such expenses, is now indebted therefor. No evidence of the actual agreement between the owners respecting this voyage has been introduced, nor is the court enlightened by any proof of usage. I have only the naked statement that the libellant as owner is indebted to the other owners, as will appear by a due adjustment of their accounts. This indebtedness of course arose under some agreement, expressed or implied. Now the burden is upon the respondents to show that this agreement, whatever it may have been, was connected with the contract with the libellant as master, and that the two may properly be deemed only parts of one general agreement; so that, when the libellant claims his share as master, the respondents can say, that, under our whole agreement, you must wait for your wages or lay, until a full settlement of the accounts between the owners.

Such may have been the understanding between the libellant and the respondents at the time he was hired as master, but I cannot say that it has been proved that it was so. The contract between the respondents and the master is explicit as to the share he is to receive and the time of payment. He is to have one-twelfth of the proceeds, to be paid to him as soon after the termination of the voyage as the oil and bone can be sold and the voyage made up. This is the contract as to the time of payment, and there is no evidence that the master ever agreed to vary these terms. As before stated, an adjustment of this voyage has been made up; the shares of all the ship's company, the master included, have been ascertained; and the time for payment has arrived. The accounts between the owners themselves have not been made up; are said to be complicated, and to require much time and perhaps the intervention of a court of chancery, as suggested in the answer; and the respondents insist that the libellant cannot claim his lay or wages according to the terms of their agreement with him as master; but that they have a right to hold his one-twelfth of the proceeds, and carry it into the account between the owners, and, if they cannot agree upon an adjustment, the whole must be submitted to a court of equity. It may be desirable for the respondents to retain his share of the proceeds in their hands until the final settlement between the owners, and it would seem not inequitable that they should retain so much as may be necessary to pay his indebtedness to the other owners. But it is now impossible to ascertain that amount; and it is not shown that the master ever agreed that they should hold his share of the proceeds, to recover any balance which might be found against him as owner, or that he has entered into any arrangement or understanding by which his contract of hiring is connected with, or made a part of, any other contract or agreement. The claim of the respondents against the libellant as part owner does not arise under the contract for which this suit was brought, but presents a distinct and independent demand which this court is not required to notice, as it does not take cognizance of accounts in set-off. But the fact that a respondent to a suit upon a maritime contract has claims against the libellant which might properly be allowed in other courts by way of set-off does not oust this court of its jurisdiction, or preclude it from proceeding to investigate and decide the cause before it. Willard v. Dorr [Case No. 17,680]; The Hudson [Id. 6,831].

The power which it possesses over its own final process will enable it to complete justice between the parties.

No evidence has been introduced, but the facts have been agreed upon partly in writing and partly by parol. I state this because any one who should look at the written statement alone, would be misled as to the case which is actually submitted to the court. The pleadings also are defective; material allegations are omitted, and issues presented which at the hearing were verbally withdrawn. The pleadings should be reformed so as to present the true issues.