### The Two Brothers.

(*District Court, W. D. Tennessee.* ———, 1880.)

1. PLEADING—SET-OFF.—An indebtedness for a house cannot be pleaded in admiralty as a set-off to a claim for unpaid wages as pilot and carpenter of a vessel, in the absence of an allegation that it was agreed that the work performed as pilot and carpenter should be taken in payment for such house.

In Admiralty.

*John B. Clough,* for libellant.

*J. M. Gregory,* for respondent.

HAMMOND, D. J. This is a libel by Jesse M. Tate against the steam-boat Two Brothers, claiming for unpaid wages as pilot and carpenter on said vessel. The claimant, John T. Leaton, sets up in his answer "that at the time of libellant's shipping on said boat as carpenter * * libellant was indebted to him in the sum of 20 days' work, 10 to be performed by libellant, and 10 by another competent man, said work being by contract a balance due respondent for a frame house sold to libellant." And, in reply to the article claiming for wages as pilot, he says "that on or about the tenth day of June, 1878, he sold to libellant a small frame cottage residence situated at Fulton, Tennessee, valued at about $125, with privilege to libellant to remove it from the place where located to a lot near by, furnished for the purpose by respondent to libellant: that it was to be paid for in work, and that when libellant settles for that, as in justice and equity he should do, there will not be due libellant any sum whatever." It is elsewhere said in the answer that "on a

fair settlement" there will be due respondent five dollars from libellant.

If this answer, which is excepted to by libellant, so far as it seeks the benefit of the set-off, had alleged an agreement that libellant would do this work as pilot or carpenter for respondent on this boat, in payment of what was due by him for the house, the defence would be a good one. It would not be, strictly speaking, pleading a common-law contract as a set-off, but setting up a special maritime contract, which, taken as a whole, would show that the libellant had no cause of action and had been paid for his services. But I do not find any allegation of such an agreement. The answer only says that the libellant was, at the time he shipped on this boat, indebted to the respondent for the house; in one place it says he was indebted in "20 days' work," and in the other, in the balance due on $125, the price of the house. This is clearly pleading the indebtedness for the house as a set-off, and is by all the authorities inadmissible. 2 Pars. Mar. L. 717; 2 Pars. Ship, 433; *Willard* v. *Dorr*, 3 Masm. 161; *Bains* v. *The James and Catharine*, 1 Baldw. 544; *Snow* v. *Carruth*, 1 Sprague, 324; *Bearse* v. *Ropes*, Id. 331; *Nichols* v. *Trimlett*, Id. 361; *Dexter* v. *Munroe*, 2 Sprague, 39; *Kennedy* v. *Dodge*, 1 Ben. 311, 315; *The Lady Campbell*, 2 Hagg. Adm. 14, note; sustain the exceptions.