## THE C. B. SANFORD.

*(District Court, D. New Jersey. January 27, 1885.)*

**1. ADMIRALTY PRACTICE—COUNTER-CLAIM—ANSWER.**

In a suit for materials furnished and repairs made to a steam-tug, the owners may set up, in their answer, as a counter-claim an indebtedness due them by the libelants for pulling off of a marine railway belonging to libelants a steamship, and conveying to such railway a hawser, for that purpose, at their request.

**2. SAME—ADMIRALTY RULE 53—CROSS-LIBELS.**

Such a counter-claim cannot be set up by cross-libel under admiralty rule 53, as that rule applies on.y to counter-claims arising out of the same cause of action for which the original libel is filed.

Libel *in rem.*

*Flavel McGee,* for libelant.

*E. L. Campbell,* for respondent.

NIXON, J. This is a suit for materials furnished and repairs made to the steam-tug C. B. Sanford. The respondents, the Narragansett Transportation Company, intervenes as owners of the tug, and files an answer admitting the libelant's claim, but setting up that when the repairs were made the libelants were indebted to the owners of said tug in a large sum of money, for services rendered to libelants, at their request, in and about the pulling off from a marine railway of said libelants at Clifton, Staten island, the steam-ship Professor Morse, and in going for and conveying to said railway a hawser for such purpose, and praying that the libel may be dismissed, and that a decree may be entered in favor of respondents for $6.15, the excess of its counter-claim over the claim of the libelants. The proctors for the libelants have excepted to so much of the answer as alleges the counter-claim or set-off, and especially to the prayer for a decree in favor of the respondents for the excess of such counter-claim. The exception presents the question whether, by the rules of the admiralty practice, such a set-off may be made in the answer, and considered by the judge in reaching a final decree on the pleadings. It is certainly not a case for a cross-libel. An examination of the fifty-third admiralty rule, allowing cross-libels, shows that they are only to be filed upon counter-claims arising out of the same cause of action for which the original libel was filed. See *Crowell* v. *The Theresa Wolf,* 4 FED. REP. 152; Cohen, Adm. 257.

The claim of the respondents in the present case is for an admiralty service, but it has no connection with the libelant's bill for materials and repairs. In determining the question we get no help from the practice of the common-law courts. The right of set-off in these tribunals is derived from the statute law. The practical inconvenience of not allowing defendants in common-law actions to put in a counter-claim to the plaintiff's demand was early felt in the colony of New Jersey. In the eighth year of the reign of George I., to-wit, on May 5, 1722, the colonial assembly, setting at Perth Amboy, passed an "act for preventing multiplicity of suits," with the following preamble, which reveals the existing evil, which the legislature desired to remedy:

"Whereas, many vexatious suits have been brought by troublesome and litigious persons when, upon just balance of amounts, there has been nothing due, or, perhaps, the plaintiff overpaid,—there being no law empowering justices and juries in such cases to balance accounts,—and the defendant can have no remedy but by cross-action," etc.

The act which followed the above preamble not only permitted but required the defendant, in a suit for money due, to plead any set-off or counter claim which he might have, and it authorized the court when the offset exceeded the plaintiff's demand, to give judgment in favor of the defendant. This was seven years in advance of the English statute of 2 Geo. II. c. 22, § 13, which simply permitted the defendant, but did not compel him, to plead an offset in the courts of common law; but the practice in admiralty follows the civil law, which allows such counter-claim, without regard to legislation by statute. Cooper translates Liber 4, tit. 6, § 30, of the Institutes of Justinian as follows:

"In all actions of good faith a full power is given to the judge of calculating, according to the rules of justice and equity, how much ought to be restored to the plaintiff; and, of course, when the plaintiff is found to be indebted to the defendants in a less sum, it is in the power of the judge to allow a compensation, and to condemn the defendant in the payment of the difference."

And in section 39, "*De Compensationibus*," we have the same statement repeated:

"When a compensation is alleged by the defendant, it generally happens that the plaintiff recovers less than his demand, for it is in the power of the judge, as we have before declared, to make an equitable deduction from the demand of the plaintiff of whatever he owes to the defendant, and to condemn the defendant to the payment only of the remainder."

The set-off therefore will be allowed. With regard to the other prayer of the answer, that a decree may be rendered for any excess of claim found due to the defendant, I think the right of authority gives to the judge the right to exercise such power; but the question has not arisen in the case, and it will be time enough to decide it when it arises. An order will be signed overruling the exceptions.