### THE JOURNEYMAN.

#### SHARP v. THE JOURNEYMAN.

(District Court, N. D. New York. March 8, 1894.)

SEAMEN—WAGES—LIBEL AGAINST VESSEL—SET-OFF.
Upon proceedings in rem against a barge for wages due a mariner, the claimant cannot set off a debt due by the libelant to a third person, who has assigned such debt to the master personally.

In Admiralty. Libel by John Sharp against the Journeyman for wages. Decree for libelant.

Bovingdon & Brown, for libelant.
Cook & Fitzgerald, for claimant.

COXE, District Judge. John Sharp, the libelant, during the summer of 1893, at Cleveland, Ohio, shipped as mate upon the barge Journeyman and worked in that capacity for 19½ days. He has not been paid, and the question is what shall be his per diem compensa-

tion.· No written contract was signed and he seeks to recover the highest wages paid at Cleveland for a similar voyage within the three months prior to his shipping, pursuant to section 4521 of the Revised Statutes of the United States. The libelant insists that the highest price paid during this period was $1.50 per day, the claimant that it was but $1 per day. I am inclined to think that the weight of evidence shows that $40 per month was the highest price paid at Cleveland for similar voyages, in barges of the size and carrying capacity of the Journeyman, during the months of May, June, and July, 1893. This would make the sum due the libelant for wages $26. He also seeks to recover $9.62, which he alleges the master agreed to pay for extra labor. This agreement is positively denied by the master. The burden is upon the libelant to satisfy the court by a preponderance of evidence that this inherently improbable agreement was entered into. He. has not done so. It is unnecessary, therefore, to decide whether such an agreement could lawfully be entered into between master and mate. 2 Pars. Shipp. & Adm. 42, 43. The libelant also alleges that he paid $7.35 for the benefit of the barge, and this claim appears to be undisputed. There is therefore due him $33.35, less $5 paid him on account, or $28.35 in all. The evidence regarding the alleged tender need not be considered, for even though the court should find upon this issue with the claimant it would not aid him, for the reason that it is clear that if made at all the tender was inadequate in amount and insufficient in law. Boulton v. Moore, 14 Fed. 922; The Cornelia Amsden, 5 Ben. 315, Fed. Cas. No. 3,234; The Sovereign, Lush. 85.

The claimant seeks to recover $25 as a counterclaim. It is alleged that Ella Penny, the cook on the barge, lent the libelant that sum and assigned her claim to the master of the barge prior to the filing of the libel. It is thought that this sum cannot be recovered in this action. It is a claim against the libelant held and owned by D. Finlayson personally. This is a proceeding in rem against the barge to recover wages due a mariner. Finlayson cannot set off the libelant's personal debt to him against the debt of the barge to the libelant. I am not familiar with any case where claims so highly favored as mariners' wages have been defeated by such assignments. Willard v. Dorr, 3 Mason, 161, 171, Fed. Cas. No. 17,-680; Dexter v. Munroe, 2 Spr. 39, Fed. Cas. No. 3,863; Pars. Shipp. & Adm. 433. The libelant is entitled to a decree for $28.35 and costs.