## THE FRANK GILMORE.

### WALTON et al. v. THE FRANK GILMORE.

(District Court, W. D. Pennsylvania. March 10, 1896.)

1. ADMIRALTY · JURISDICTION—CROSS CLAIM—UNLIQUIDATED DAMAGES.
   In a suit in rem to recover damages resulting from a collision, admiralty has no jurisdiction of a cross libel for unliquidated damages caused by an entirely different collision.

2. SAME—SET-OFF—INDEPENDENT ACCOUNT.
   The admiralty has no jurisdiction of an independent set-off, and hence, in a suit in rem for collision, a so-called "cross bill," seeking to set off a running account, cannot be maintained.

This was a libel in rem for collision. Libelants have excepted to a "cross bill" filed by the claimants.

Watson & McCleave and C. P. Davis, for libelants.
Knox & Reed and Edwin W. Smith, for respondents.

BUFFINGTON, District Judge. Joseph Walton & Co. file this libel against the steamboat Frank Gilmore to recover $733 damages alleged to have been sustained by the sinking of their coal barge No. 457 on May 20, 1893, in a collision caused by the negligence of the Gilmore. The respondents filed a paper indorsed an "answer and cross bill." They deny the allegations of the libel, and set up that libelants are indebted to them upon a running account in a balance of $192.93 as of June 14, 1893. They further allege that on September 12, 1890, their coal flat No. 135 and cargo was negligently sunk by libelants' steamboat the Samuel Clark, to their damage $586; that the aggregate of said items, less a credit of $70, viz. the net sum of $516, is due respondents from libelants and for it they pray a decree. Exceptions are filed to the cross bill, alleging it sets up causes of action separate and distinct from the one set forth in the libel, and praying its dismissal.

Upon argument respondents' counsel concede there could not be a balance decreed in respondents' favor under rule 53 of the admiralty, but claim to offset their damages sustained and account due as stated. So far as the damages in the Samuel Clark collision are concerned, no reason is shown for their allowance here. The principle is well settled, both in law and equity, that unliquidated damages are not a subject of set-off (The Zouave, 29 Fed. 298); and where they are not connected with the accident on which a libel is based they cannot be the subject of a cross bill. This principle is set forth in The Dove, 91 U. S. 385, in which it is said:

"New and distinct matters, not included in the original bill or libel, should not be embraced in the cross suit, as they cannot be properly examined in such a suit, for the reason that they constitute the proper subject-matter of a new original bill or libel. Matters auxiliary to the cause of action set forth in the original libel or bill may be included in the cross suit, and no others, as the cross suit is, in general, incidental to and dependent upon the original suit. Ayres v. Carver, 17 How. 595; Field v. Schieffelin, 7 Johns. Ch. 252; Shields, v. Barrow, 17 How. 145."

The account here sought to be set off covers some seven years' mutual dealings between the parties. It embraces a variety of

items, some of which are and some are not subjects of the admiralty jurisdiction. Thus we find services in pumping, fuel furnished, service of boats, "sundries" not specified and aggregating considerable amounts, sales of coal, and cash advanced on the respondents' side and on complainants', "sundries" not itemized, coal furnished, towing services, etc. The subject-matters of the account are in no way connected with the collision charged in the bill.

Respondents cite the case of The C. B. Sanford, 22 Fed. 863, as justifying the use of this account as a set-off. A careful examination of the many authorities, both prior and subsequent to that case, lead us to an opposite conclusion. The text-book authorities seem to be unanimous that the admiralty has no jurisdiction of an independent set-off, and those usually allowed are where advances have been made on the credit of the debt or demand for which the plaintiff sues, those which operate by way of diminished pay for maritime service by reason of negligence, imperfect performance or misconduct as damages sustained in consequence of gross violating of the contract. See 2 Pars. Mar. Law, 717. "The respondent cannot, in the admiralty, make a defense of an independent claim by way of set-off." Ben. Adm. 264. And in 2 Pars. Shipp. & Adm. 433, we find the law stated that "a set-off founded on contract, express or implied, is no defense to a libel in a cause of damage." These conclusions are supported by the adjudicated cases. In Willard v. Dorr, 3 Mason, 171, Fed. Cas. No. 17,680, Justice Story said:

"The remaining questions respect the set-offs asserted by the defendant as matters of counterclaims. Some of these are properly before the court, as partial payments of wages and advances in the voyage; but others are debts and claims of a wholly independent nature. Now, in respect to the latter, I am utterly at a loss to know how they can be properly brought within the cognizance of this court. Most of them are not of a maritime nature; and, even if they were, as they do not grow out of the maritime contract on which the libel is framed, it is difficult to perceive how they are founded in point of jurisdiction. Courts of admiralty are not invested by statute with any authority to hold plea of set-offs generally. Whenever they do entertain such claims, it is upon general principles of equity, where the claims attach to the particular maritime demand, submitted to their cognizance by the libel, and not upon any notion of a right to enforce such set-offs as are now recognized and enforced in courts of common law under statutable provisions."

This case was followed in Bains v. The James & Catherine, Baldw. 544, Fed. Cas. No. 756; Mr. Justice Baldwin saying that he concurred fully in the conclusions therein arrived at as to set-off in the admiralty. That there is no general doctrine of set-off being recognized in the admiralty is stated or assumed in Snow v. Carruth, 1 Spr. 326, Fed. Cas. No. 13,144; Kennedy v. Dodge, 1 Ben. 311, Fed. Cas. No. 7,701; Nichols v. Tremlett, 1 Spr. 361, Fed. Cas. No. 10,247; Dexter v. Munroe, 2 Spr. 39, Fed. Cas. No. 3,863; The Two Brothers, 4 Fed. 158; The Tom Lysle, 48 Fed. 692; and O'Brien v. 1,614 Bags of Guano, Id. 730, where it is said: "Set-off is a statutory right, unknown to the admiralty, except as a credit on the particular transaction which is the subject of the libel."

It will thus be seen the decided weight of authority is against the use as a set-off of an account involving dealings in no way connected with the collision to recover damages for which the libel is filed. The exception will therefore be sustained, and it is so ordered.