## ANDERSON et al. v. PACIFIC COAST CO.

(District Court, N. D. California. January 5, 1900.)

1. ADMIRALTY—ALLOWANCE OF SET-OFF—SEPARATE DEMANDS.

In a suit by an assignee to recover freight earned under a charter party, a claim, set up in the answer, for coal, which it is alleged was furnished by defendant to libelant's assignor, after the making of the charter party, "solely in reliance on the said contract of affreightment, and with the intention, expectation, and anticipation" that the price of such coal would be retained from the freight earned under such contract, but without alleging any agreement to that effect, does not constitute a set-off which can be entertained by a court of admiralty, the rule permitting a set-off for advances made upon the credit of the particular debt or demand sued on being limited to cases where there was an agreement that they should be so paid.

2. SAME—PLEADING.

An averment that coal was furnished with "the intention, expectation, and anticipation" that the price therefor should be deducted from certain freights is not equivalent to an allegation that such was the mutual agreement of the parties.

In Admiralty. On exceptions to answer.

Andros & Frank, for libelants.
Sidney V. Smith, for respondent.

DE HAVEN, District Judge. This action is one brought by the libelants, as assignees of the Alaska Yukon Transportation Company, to recover from the defendant the sum of $6,944.50 on account of freights earned by the Alaska Yukon Transportation Company under a charter party entered into between that company and

the defendant. The defendant, in its answer, pleads a set-off in an amount equal to the sum sued for by the libelants, and as grounds for such set-off alleges that, after the making of this charter party, and before the freights sued for were earned thereunder, and prior to the date of the assignment under which the libelants claim, it sold and delivered to their assignor, the Alaska Yukon Transportation Company, on board of vessels owned by that company, and for use in the navigation of such vessels, coal of the value of $6,944.50, and that no part of this sum has been paid. The answer further alleges that the defendant "was induced to sell and furnish said coal to said Alaska Yukon Transportation Company, and to its vessels," by reason of the existence of the charter party referred to, and "that, if it had not been for the existence of said contract of affreightment, this respondent would not have given credit to the said Alaska Yukon Transportation Company for the price and value of said coal, or for any part thereof, and would not have sold said coal to said Alaska Yukon Transportation Company except for cash, and that in so selling and delivering said coal to the said Alaska Yukon Transportation Company and to its vessels this respondent acted solely in reliance upon the said contract of affreightment, and with the intention, expectation, and anticipation that it would so be able to repay itself for the price of said coal by applying the freight to be paid by this respondent under said contract of affreightment to and on account of the said price and value of said coal." The libelants have excepted to the sufficiency of the answer, the particular ground of exception being that it does not appear from the facts alleged that the set-off claimed by defendant arises out of, or has any connection with, the cause of action stated in the libel.

1. I do not think the answer can be properly construed as alleging that the defendant sold to the Alaska Yukon Transportation Company the coal which is the subject of the set-off claimed under an agreement that the price therefor should be deducted by the defendant from the amount of freight earned by the Alaska Yukon Transportation Company under the prior charter party which is the foundation of the cause of action stated in the libel. The allegation that the defendant, in making the contract for the sale of the coal mentioned in the answer, "acted solely in reliance upon the said contract of affreightment, and with the intention, expectation, and anticipation that it would so be able to repay itself for the price of said coal by applying the freight to be paid by this respondent under said contract of affreightment to and on account of the said price and value of said coal," is not equivalent to an averment that there was a mutual agreement or understanding of the parties to such contract of sale that the freights earned under the charter party should be applied to the payment of the price of the coal. Bank v. Kennedy, 17 Wall. 28, 21 L. Ed. 554; Maryland v. Baltimore & O. R. Co., 22 Wall. 112, 22 L. Ed. 713; Legal Tender Cases, 12 Wall. 548, 20 L. Ed. 287. In the absence of such an averment, the charter party and the contract for the sale of the coal are to be treated as separate and independent contracts. They were not made at the same time; the subject-matter of the one is different from that of the other; and,

being thus independent, it must be held that the defendant is not entitled to have the amount due to it on account of the contract for the sale of the coal set off against the claim of the libelants for the freight earned by their assignor under the charter party. In 2 Pars. Shipp. & Adm. p. 433, it is said:

"The admiralty has no jurisdiction of an independent set-off, and those usually allowed are where advances have been made upon the credit of the particular debt or demand for which the plaintiff sues, or which operate by way of diminished compensation for maritime services on account of imperfect performance, misconduct, or negligence, or as a restitution in value for damages sustained in consequence of gross violations of the contract."

This rule, which is the same as was stated by Mr. Justice Story in the case of Willard v. Dorr, 3 Mason, 161, Fed. Cas. No. 17,680, has been often approved, and, so far as it is possible for any rule to become settled by the decisions of courts, must be now regarded as definitely settled. Dexter v. Munroe, 2 Spr. 39, Fed. Cas. No. 3,863; The Hudson, Olcott, 396, Fed. Cas. No. 6,831; The Tom Lysle (D. C.) 48 Fed. 690; The Frank Gilmore (D. C.) 73 Fed. 686. The language of Mr. Parsons, above quoted, that a set-off is permitted "where advances have been made upon the credit of the particular debt or demand for which the plaintiff sues," has reference only to cases in which advances have been made under an agreement, express or implied, that they should be allowed as a set-off as against the particular demand sued on, and does not apply to a claim of set-off like that of the defendant here, not based upon such an agreement, and arising out of a contract in no way connected with that under which the libelants claim. The exceptions will be sustained.