AMERICAN STEEL BARGE CO. v. CHESAPEAKE & O. COAL AGENCY
CO.

(Circuit Court of Appeals, First Circuit. June 19, 1902.)

No. 391.

1. ADMIRALTY—JURISDICTION—SET-OFF.
    Admiralty will not take jurisdiction of a mere legal or statutory set-off, but proceeds with reference to the topic to which set-off relates on broad equitable principles.

On Rehearing.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge.   Both parties have filed petitions for a rehearing under our rule, with reference to the judgment entered in this case in accordance with our opinion passed down on April 16, 1902.   115 Fed. 669.   The libelant complains that we denied interest and costs, and also of our deductions from the amount due according to the bill of lading; and, on the other hand, the claimant complains of our refusal to allow what was alleged in the answer as a general set-off of an amount which would more than have absorbed the entire freight.   There is also in the petitions some discussion of certain English decisions, to which we do not find any occasion to reply, because we stated in our opinion that the principles on which we rested our conclusions run so deep, and are so clearly settled, as to require no support by a citation of authorities.

So far as the libelant seeks to have us review our conclusions as to costs and interest, we said, at various points in our opinion, sufficient to relieve us from any further discussion of this topic.   As to the other topic, the petitions proceed somewhat on the rigid rules of allowances under the statutes of set-off, and on the narrow principles of the common law.   That proceedings in admiralty are not thus governed is so plain that we do not deem it necessary to enlarge on that proposition.   In order, however, to make clear that our use of the word "set-off" had no reference to such rules, we will state that we used it only as it is ordinarily used with regard to proceedings in equity and admiralty.   In neither are set-offs allowed in the sense understood at common law or under the statutes, and in neither can there be an affirmative adjudication on a balancing of claims in favor of a party proceeded against, unless on a cross bill, or a cross libel, supported by the rules especially applicable to procedure in equity or in admiralty.   The authorities on this proposition are universal.   In equity we refer only to Adams, Eq. (8th Ed.) *222.   After stating that complicated mutual accounts may afford sufficient equity to sustain a bill, the author adds:   "But it is otherwise with respect to mere matters of set-off; for right of set-off can be effectually tried at law, and can only be transferred to chancery by some special equity."   So, on page *223, he again says:   "There

¶ 1. See Admiralty, vol. 1, Cent. Dig. § 327.

are also some cases occasionally spoken of as depending on an equitable set-off, but which would be more correctly termed retainers in the nature of set-off." The author enlarges on this topic, but it is not necessary to follow him further. So, in admiralty, it is sufficient to refer to Dunlap's Admiralty Practice, 65, an accurate text-book. There it is said: "The admiralty will not take jurisdiction of independent set-offs." He enlarges somewhat on the topic, showing some circumstances under which the admiralty regards counterclaims and other matters of that character. He goes far enough to explain his intention in using the word "independent."

Thus neither equity nor admiralty takes jurisdiction of set-offs in the strict sense. Nevertheless, as we have shown in our opinion, each proceeds with reference to the topic to which set-offs relate on the broadest equitable principles. How broad these are is, perhaps, more conveniently explained in North Chicago Rolling-Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596, 615, 14 Sup. Ct. 710, 38 L. Ed. 565, than anywhere else. With reference to the entire topic, chancery, and, of course, the admiralty, which sometimes, as we said, proceeds on even broader rules than chancery itself, look at the equities of each particular case. What these are in the case at bar we have shown; and it is enough to refer to our statement that the libelant has a specific equity, and relied on the pledge of the particular fund in question, while the equity of the claimant is not specific, but only general, without anything to show that reliance was placed by it on the fund with the view of applying it to the diminution of the indebtedness in question.

It is true that the claimant, in its petition for a rehearing, attempts to assert a specific equity; but the answer relies only on a general set-off, and we can discover nothing in the record sufficiently definite to support any other defense.

The petitions for a rehearing are denied, and a mandate will issue forthwith.