HASTORF v. DEGNON–McLEAN CONTRACTING CO.

(District Court, S. D. New York. March 5, 1904.)

1. SHIPPING—CONTRACT TO RECEIVE AND DISPOSE OF EXCAVATED MATERIAL—
    BURDEN OF PROOF.

In making an oral contract by which libelant agreed to receive at his dumping board, and to .dispose of, excavated material for a fixed price per load, it was admitted that nothing was said as to which party should pay the expense of unloading the trucks at the dump. Respondent paid such expense, and sought to set off the same against the amount claimed by libelant to be due under the contract, and introduced testimony intended to show a custom for such expense to be paid by the dump owner. *Held* that, the burden of proof being on the defendant, whether the claim was regarded as a set-off or an affirmative defense, such testimony was not sufficient to overcome the positive and uncontradicted denial by libelant that he assumed the expense, corroborated also by the further fact that no claim therefor was made by respondent until several months after performance of the contract, although settlements were made monthly.

2. ADMIRALTY—SET-OFF.

A set-off is not cognizable in admiralty except so far as it relates to the particular transaction which is the subject of the action, and goes. to reduce or overcome the libelant's demand.

In Admiralty. Suit on contract.

Louis B. Adams, for libellant.

Wilcox & Green, for respondent.

ADAMS, District Judge. This action was brought by Albert H. Hastorf against the Degnon-McLean Contracting Company to recover the sum of $1,720 alleged to be due for the receipt and disposition of 3,440 truck loads, at 50 cents each, of excavated material from the Rapid Transit Subway, received by the libellant from the respondent at his dumping board at 44th Street, North River, in September 1902. There is no dispute as to the rate or amount, but the respondent, admitting something to be due, sought by its answer, to set off the cost of the necessary labor for receiving and unloading the material, amounting, it was claimed, to the sum of $740.03 and the further sum of $350, altogether $1,090.03, and offered to allow judgment to be entered for $629.97. At the trial, however, the claimed set-off of $350 was. withdrawn, because of a doubt of the court's jurisdiction to entertain it, as it appeared that it arose under an independent contract, and the controversy is with respect to the claimed set-off of $740.03.

The contract was an oral one, made by the libellant in person and a.

¶ 2. See Admiralty, vol. 1, Cent. Dig. § 327.

civil engineer, in the employ of the respondent. These witnesses both admit that the question of labor was not discussed between them. The question turns on whether the parties impliedly made an agreement with 'respect to the receiving and unloading of the trucks on the scows.

The libellant and a number of witnesses for the respondent have been examined. The libellant testifies that there was no agreement, express or implied,. with respect to the labor. The respondent's witnesses show their experience with dumps and say that the owners thereof generally furnish the labor. This kind of testimony, however, does not go far towards establishing a liability of the kind at issue and, in my judgment, is inadequate where there is a positive denial of the assumption of liability. I find from the libellant's testimony, which is not overcome by any direct testimony from the respondent's witnesses, that he did deny the liability for this claim when it was first put forward by the respondent. The libellant is corroborated by the circumstance that the accounts between the parties were settled every month, without any attempt on the respondent's part to realize this claim, beyond sending bills from April, 1901. These bills were not recognized in any way by the libellant, who, on the contrary, says that he informed the Secretary of the Company, when the first of the bills came to him, that he was not liable in such respect. The Secretary's denial of this testimony is weak.

This claim of the respondent has been treated by the parties as a set-off, in which case the burden of establishing it would be upon the respondent. Waterman on Set-Off, p. 92. In Freeland v. Man & Moody, 1 Smedes & M. 531, 535, cited in support of the text, it was said:

"It was the business of the defendant to have made clear and certain his legal right to have the benefit of the set-off, if he desired to avail himself of it."

In the Amer. & Eng. Enc. of Law (2d Ed.) v. 25, p. 488, set-off is defined:

"A set-off is a counter-demand, generally of a liquidated debt, growing out of an independent transaction for which an action might be maintained by the defendant against the plaintiff, exhibited by the defendant to counterbalance the plaintiff's recovery, either in part or in whole, and, as the case may be, to recover a judgment in his own favor for the balance."

What has been called the set-off in the case at bar, arises out of the same transaction as that which constitutes the libellant's claim· and partakes more of the character of a defence, and it is questionable if such a claim can with propriety be deemed a set-off in this court. ,The ordinary set-off—out of which an affirmative judgment can elsewhere be obtained—is not cognizable in admiralty, except so far as it relates to the particular transaction which is the subject of the libel and goes to reduce or overcome the original demand. O'Brien v. 1,614 Bags of Guano (D. C.) 48 Fed. 726; American Steel Barge Co. v. Chesapeake & O. Coal Agency Co., 116 Fed. 857, 54 C. C. A. 207. But whether regarded as an affirmative defence or a set-off, the burden was not upon the libellant, but rather rested with the respondent, whose testimony principally tends to show that other dumps adopted

a rule with regard to labor, similar to that which the respondent contends for, and does not establish the claim that it was intended to be adopted here.

The libellant is entitled to a decree for $1,720, with interest.