**James REGNIER, Appellee,**

v.

**SHINWA KAIUN K.K., a Japanese Corporation, Appellant.**

No. 23252.

United States Court of Appeals, Ninth Circuit.

June 30, 1970.

Rehearing Denied Aug. 4, 1970.

Paul C. Gibbs (argued), of Williams, Lanza, Kastner & Gibbs, Seattle, Wash., for appellant.

Robert D. Duggan (argued), of Levinson & Friedman, Seattle, Wash., for appellee.

Before HAMLEY, ELY and CARTER, Circuit Judges.

ELY, Circuit Judge:

Regnier, a longshoreman, sustained personal injuries while working aboard the appellant's merchant vessel. He was assisting with the loading of heavy logs into the vessel's upper 'tween deck. After the logs were placed through the hatch and into the 'tween deck area by use of loading gear, they were brought into wing position by means of a bull winch. When one of such logs had thus been placed into position and the winch operator had slacked off the line, Regnier waited for at least a minute, removed the knob from the bell of the sling around the log, and pulled the sling free. As he moved away, downward on other stacked logs and toward the square of the hatch, the log from which he had taken the sling rolled downward, crushing one of Regnier's legs. After he had removed the sling and as he began to move away, Regnier had partially turned his back to the log. The only witnesses to the accident were Regnier and two of his fellow employees.

The suit was tried to a jury, which determined by response to special interrogatories, (1) that the vessel was unseaworthy; (2) that Regnier's injuries and resulting damages were proximately caused by such unseaworthiness; (3) that the total amount of damage suffered was $170,000; (4) that Regnier was contributively negligent to the extent of twenty-five percent.

Regnier moved for a judgment notwithstanding the verdict, urging that there was insufficient evidence to support the jury's finding of contributory negligence. The motion was granted, and a judgment in the full amount of $170,000 was entered in Regnier's favor. The vessel's owner satisfied the judgment to the extent of three-fourths thereof and took this appeal.

We have concluded, with some reluctance, that the district judge erred in granting the motion for judgment notwithstanding the verdict. Our reservation stems from our belief, based, of course, upon the written record alone, that had we been jurors we would probably have resolved the issue of contributory negligence in Regnier's favor. We cannot agree, however, that there was no evidentiary support for the jury's determination. Regnier was engaged in a hazardous undertaking. There was evidence that the ship was perfectly stable, and the jury was entitled to draw the inference that the movement of the log was set in motion solely by Regnier's pulling the sling free of the log. There was proof that Regnier, rather than pulling the sling free by hand, could have removed himself to a relatively safe area of dead space and permitted the winch operator to withdraw the sling after Regnier had removed the knob from the sling's bell. According to the evidence, this was the procedure that would have been followed had the sling been wedged beneath the log, and the jury could have reasoned that Regnier would not have been injured had he followed that safer, alternative procedure. Since the log's unexpected movement may have been induced by the sling's removal, the jury was not required to accept Regnier's testimony that the sling was not wedged and was wholly free. The jury was, of course, empowered to

make its own evaluation of the credibility of the witnesses and the weight to be given their testimony. In the consideration of a motion for judgment notwithstanding the verdict, the evidence, together with every reasonable inference therefrom, must be viewed in the light most favorable to the upholding of the jury's verdict. The case was fairly tried, and it is not suggested that any improper motive actuated the jury in its resolution of all issues with which it was concerned, including the issue of damages. When the question, as here, is whether one, acting as a reasonable person, exercised the appropriate degree of care for his own safety, it can rarely be said that the opinion of any judge, trial or appellate, is better than the collective opinion of twelve impartial jurors.

Upon remand the judgment will be modified so as to conform to the jury's verdict.

The parties will bear their own costs of this appeal.

Reversed and remanded with directions.

JAMES M. CARTER, Circuit Judge (dissenting).

Appellant produced no witnesses or evidence bearing on the issue of the standard of care which Regnier could have, or should have, followed. The evidence produced in behalf of plaintiff's case by Regnier and his witnesses was undisputed and not in conflict. This evidence established that although the operation performed by Regnier was dangerous, he performed the work the way a longshoreman was required to perform it and that there was no other way to perform it.

Appellant contends there was evidence of contributory negligence as follows: (1) that Regnier turned his back, or more accurately, his side, to the pile of logs after he pulled the bull line free, and (2) that Regnier should have required that the bull line be pulled out with the stowing winch. The majority relies on the second contention. We discuss both.

No one disputes that Regnier was required to walk upon the logs and remove the sling. There was no other way to do the job. Having removed the sling and pulled the line free, he had to get off the pile of logs. He then had to turn his back or his side or walk off backwards. He turned his side as he walked off. The undisputed testimony was to the effect that this was the way the job had to be done. Obviously, walking down backwards would have been more hazardous. No witness suggested this manner of getting off the log pile as proper.

The undisputed testimony was that a longshoreman removed the bull line by hand if it was free. If the line was fouled under a log then the longshoreman released the "bell and knob" and the bull line was removed by the stowing winch. Here without dispute the bull line was free. Regnier then properly removed it without the use of the winch. The undisputed evidence showed this was the proper procedure. To have used the winch when the bull line was free would not have been the workmanlike way to remove it and probably would have been a delaying procedure that the employer would not have tolerated.

Regnier was engaged in dangerous work. In a position of peril, he did his job the way longshoremen are required to perform it. The majority, without saying so in so many words, and without discussing the doctrine of assumption of risk, hold that Regnier assumed the risk of injury when he performed dangerous work in a position of peril to himself.

A longshoreman does not assume the risks incident to his employment or the unseaworthiness of the vessel and its cargo. Adams v. United States (9 Cir. 1968) 393 F.2d 903, 906; Bryant v. Partenreederei-Ernest Russ (4 Cir. 1965) 352 F.2d 614, 615–616; Smith v. United States (4 Cir. 1964) 336 F.2d 165, 168.

I would affirm.